## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 17-19898 TBM |
| WILD CALLING PET FOODS, LLC, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JEFFREY L. HILL, Chapter 7 Trustee, | ) | Adversary Proceeding No. |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THOMAS ROCHE, MATTHEW NOTTER, | ) | |
| WILLIAM FISHER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Jeffrey L. Hill, chapter 7 trustee, by and through his undersigned counsel, for his Complaint, states and alleges as follows:

### JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

5. Wild Calling Pet Foods, LLC ("Debtor") filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 25, 2017 (the "Petition Date").

6. The Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code on March 29, 2018 (Docket No. 133).

7. Jeffrey L. Hill ("Trustee") is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

8. Defendant Thomas Roche ("Mr. Roche") is an individual who resides at 361 71st Ave., Greeley, CO 80634

9. Defendant William Fisher ("Mr. Fisher") is an individual who resides at 6600 W. 20th St. #55, Greeley, CO 80634.

10. Defendant Matthew Notter ("Mr. Notter") is an individual who resides at 361 71st Ave., Greeley, CO 80634. Mr. Roche, Mr. Fisher, and Mr. Notter are sometimes collectively referred to herein as "Defendants."

11. Debtor made payments to Defendants in the 90-days prior to the Petition Date in the total amount of $135,554.00. Such payments are collectively referred to herein as the "Pre-Petition Payments."

12. Debtor owed Defendants $810,457.50 on the Petition Date.

## FIRST CLAIM FOR RELIEF
**(Avoidable transfer under 11 U.S.C. § 547(b))**

13. The Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 12 above as though more fully set forth in this Claim for Relief.

14. The Pre-Petition Payments were "transfers" as that term is defined in Section 101(54) of the Bankruptcy Code.

15. The Pre-Petition Payments were made to or for the benefit of Defendants.

16. At the time of the Pre-Petition Payments, Defendants were creditors of Debtor.

17. The Pre-Petition Payments were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

18. The Pre-Petition Payments were made while the Debtor was insolvent.

19. The Pre-Petition Payments were made on or within ninety days of the Petition Date.

20. The Pre-Petition Payments enabled Defendants to receive more than Defendants would receive if (a) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the transfers had not been made; and (c) Defendants received payment of the purported debt owed by the Debtor to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendants as follows: (a) avoiding the Pre-Petition Payments pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided transfers or the value thereof from Defendants; and (c) granting such other relief as the Court deems appropriate.

Dated this 24th day of October, 2019.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/David J. Warner*
David J. Warner, #38708
2580 W. Main St., Ste. 200
Littleton, CO 80120
303-296-1999 / 303-296-7600 FAX
dwarner@wgwc-law.com
Attorneys for the Plaintiff/Chapter 7 Trustee